IN THE CIRCUIT COURT OF CLINTON COUNTY, MISSOURI

| | |
|---|---|
| **LADONNA NEWTON,** ) | |
| Individually And On Behalf Of ) | |
| All Others, ) | |
| ) | |
| Plaintiffs, ) | |
| ) Case No.: | |
| vs. ) | |
| ) **JURY TRIAL DEMANDED** | |
| **REALPAGE, INC.** ) | |
| **d/b/a LeasingDesk Screening** ) | |
| **Registered Agent:** ) | |
| United Corporate Services, Inc. ) | |
| Elm Court Plaza, 1739 East Elm St., Ste. 101) | |
| Jefferson City, MO 65101 ) | |
| Defendant. ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, LaDonna Newton, by and through her attorneys, and on behalf of herself, the Putative Classes set forth below, and in the public interest, brings the following class action amended complaint against Defendant, RealPage, Inc., ("Defendant"), pursuant to the Fair Credit Reporting Act ("FCRA").

### PRELIMINARY STATEMENTS

1. Plaintiff brings this action against Defendant for violations of the FCRA.

2. Defendant obtained information concerning the Plaintiff from a third party.

3. Defendant paid a fee to the third party for the information it obtained concerning the Plaintiff.

4. The information obtained from the third party concerning the Plaintiff was a consumer report (as a consumer report is defined pursuant to the FCRA).

5. The Defendant took the information it obtained from the third party and produced a Consumer Report of its own to another entity.

6. Plaintiff asserts FCRA claims against Defendant on behalf of herself and a class

Exhibit A

of individuals whose rights under the FCRA were violated.

7. On behalf of herself and all class members, Plaintiff seeks actual damages, statutory damages, punitive damages, costs and attorneys fees, and all other relief available pursuant to the FCRA.

## PARTIES

8. Plaintiff is a resident of Kansas City, Missouri. Plaintiff is a member of the Putative Classes defined below.

9. Defendant is a foreign company doing business throughout the United States.

## JURISDICTION AND VENUE

10. This court has jurisdiction over Plaintiff's FCRA claim pursuant to 15 U.S.C. § 1681p and Article V, Section 14(a) of the Constitution of Missouri.

11. Venue is proper in this Court pursuant to R.S.Mo. 508.010.2(4).

## FACTUAL ALLEGATIONS

12. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

13. Plaintiff applied for an apartment to rent at Champion Homes at Marshall Meadows (hereinafter Champion) in or about April 2018.

14. Defendant produced a consumer report to Champion.

15. Defendant produced the consumer report to Champion knowing it would rely on the report to make decisions regarding whether to rent or lease an apartment to consumers.

16. The consumer report produced to Champion, concerning the Plaintiff, was misleading, inaccurate, and contained obsolete information.

17. The consumer report produced to Champion, concerning the Plaintiff, contains a

Previous Address section.

18. Contained within the Previous Address section is a list of alleged addresses and dates of residency that conflict with one another and make it appear as if the Plaintiff is living at multiple residences at the same time.

19. The list of addresses and the dates of residency make it appear as if the Plaintiff is unsettled or prone to moving from place to place.

20. Including a list of addresses and dates of residency that reflect negatively on the Plaintiff is detrimental to the Plaintiff's ability to rent an apartment from Champion and/or other entities.

21. The consumer report produced to Champion, concerning the Plaintiff, contains a section titled Financial Detail.

22. The Financial Detail section of the report includes four negative ratings related to a USA Funds.

23. According to the details of the USA Funds listings, there is a current balance of $0.00 and a status of Paid.

24. Despite identifying the USA Funds as having a current balance of $0.00 and as being Paid, the Defendant identifies the account with the notation: "Rating: **Neg**".

25. Identifying the USA Funds as "Rating: **Neg**" is inaccurate and misleading.

26. The Financial Detail section of the report includes four negative ratings related to a Oklahoma Student Loan.

27. According to the details of the Oklahoma Student Loan listings, there is a current balance of $0.00 and a status of Paid.

28. Despite identifying the Oklahoma Student Loan as having a current balance of

Electronically Filed - Clinton - August 20, 2018 - 10:14 AM

$0.00 and as being Paid, the Defendant identifies the account with the notation: "Rating: **Neg**".

29. Identifying the Oklahoma Student Loan as "Rating: **Neg**" is inaccurate and misleading.

30. Also contained within the Financial Detail section is the notation: Notes: **Ignored, settings filter out Educational.**

31. The language **Ignored, settings filter out Educational** is vague and ambiguous.

32. Producing a consumer report with language that is vague and ambiguous violates the FCRA.

33. Including language that is vague and ambiguous is detrimental to the Plaintiff's ability to rent an apartment from Champion and/or other entities.

34. Defendant's inclusion of the language "Rating: **Neg**" is detrimental to the Plaintiff's ability to rent an apartment from Champion and/or other entities.

35. The consumer report produced by the Defendant contains a section titled Offense Information.

36. The Offense Information section of the report includes information regarding two alleged felony charges and one unspecified charge.

37. Plaintiff is not a felon.

38. Plaintiff does not have any felony charges pending against her.

39. Plaintiff does not have any unspecified charges pending against her.

40. Plaintiff did not have any felony charges or unspecified charges pending against her at the time the Defendant produced the consumer report to Champion.

41. Plaintiff has not been convicted of any felony charges.

42. Plaintiff has not been convicted of the unspecified charged listed in the report.

43. The Offense Information section of the report includes the term "Suspended".

44. The term "Suspended" is not defined in the consumer report.

45. Using the term "Suspended" as a means to identify the disposition of a charge is not maximally accurate.

46. The term "Suspended" may refer to or mean any number of things.

47. The term "Suspended" is vague, ambiguous, and therefore inaccurate and misleading.

48. The manner in which the Defendant appears to identify a consumer's date of birth is misleading and inaccurate.

49. The Consumer Report produced by the Defendant, concerning the Plaintiff, appears to include three dates of birth.

50. The manner in which the Defendant identifies a consumer's date of birth violates the provisions of 1681e(b).

51. The Defendant's report caused the Plaintiff to be denied residency at Champion.

52. The Defendant's report cost the Plaintiff $19.00 because she was denied residency at Champion.

53. Defendant is aware of the FCRA.

54. Defendant has knowledge that it must comply with the FCRA.

55. Defendant's violations of the FCRA combined with its knowledge of the requirements of the FCRA is evidence that the Defendant's violations were willful.

## CLASS ACTION ALLEGATIONS

56. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

57. Plaintiff asserts the following proposed classes defined as:

**1681e(b) RECORDS CLASS:** All individuals for which the Defendant provided incomplete information regarding a criminal charge from August 9, 2016, through the present.

**1681e(b) DATE OF BIRTH CLASS:** All individuals for which the Defendant provided multiple dates of birth or used dates of birth that do not belong to the consumer from August 9, 2016, through the present.

**1681e(b) "SUSPENDED" CLASS:** All individuals for which the Defendant included the term "Suspended" from August 9, 2016, through the present.

**1681e(b) "IGNORED" CLASS:** All individuals for which the Defendant included "Ignored" language in the Financial Detail section of a consumer report from August 9, 2016, through the present.

**1681e(b) "Neg" CLASS:** All individuals for which the Defendant included the notation "Rating: **Neg**" with regard to an account that was Paid and had a balance of $0.00 in the Financial Detail section of a consumer report from August 9, 2016, through the present.

### Numerosity

58. The proposed class is so numerous that joinder of all class members is impracticable. Defendant regularly produces consumer reports on individuals to third parties. Defendant fails to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the reports relate. Plaintiff believes that during the relevant time period, a sufficient number of individuals would fall within the definition of the Putative Class.

### Common Questions of Law and Fact

59. Virtually all of the issues of law and fact in this class action predominate over any questions affecting individual class members. Among the questions of law and

fact common to the class is:

a. Whether Defendant complies with 1681e(b) and follows reasonable procedures to assure maximum accuracy of the information contained in their reports;

b. Whether Defendant's violations of the FCRA were willful;

c. The proper measure of statutory damages and punitive damages; and

### Typicality

60. Plaintiff's claims are typical of the members of the proposed class. Defendant is a consumer reporting agency that produces consumer reports to third parties. Defendant produces the reports in violation of the mandates of the FCRA. The FCRA violations suffered by the Plaintiff are typical of those suffered by other class members and the Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

### Adequacy of Representation

61. Plaintiff, as a representative of the class, will fairly and adequately protect the interests of the Putative Class and has no interest that conflict with or are antagonistic to the interest of the class members. Plaintiff has retained attorneys competent and experienced in class action litigation. No conflict exists between Plaintiff and members of the class. A class action is superior to any other available method for the fair and efficient adjudication this controversy, and common questions of law and fact overwhelmingly predominate over individual questions that may arise.

### Superiority

62. This case is maintainable as a class action under Fed. R. Civ. P. 52(b)(1) because

prosecution of actions by or against individual members of the Putative Classes would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual class members' claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

63. This case is maintainable as a class action under Fed. R. Civ. P. 52(b)(2) because Defendant has acted or refused to act on grounds that apply generally to the Putative Classes, so that declaratory and/or injunctive relief is appropriate respecting the Classes as a whole.

64. Class certification is also appropriate under Fed. R. Civ. P. 52(b)(3) because questions of law and fact common to the Putative Classes predominate over any questions affecting only individual members of the Putative Classes, and because a class action is superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Classes do not have an interest in pursuing separate actions against Defendant, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution. Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would

be desirable to concentrate the litigation of all Putative Class members' claims in a single forum.

65. Plaintiff intends to send notice to all members of the Putative Classes to the extent required by Rule 52. The names and address of the Putative Class members are available from Defendant's records.

## FCRA VIOLATIONS

66. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

67. The Defendant does not have policies and procedures to produce consumer reports in accordance with 15 U.S.C. § 1681e(b).

68. Any policies or procedures the Defendant does have are inadequate to produce consumer reports in accordance with 15 U.S.C. § 1681e(b).

69. Defendant violated the FCRA by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

70. Defendant's actions were negligent.

71. Defendant's actions caused the Plaintiff actual damages.

72. Defendant's actions increased Plaintiff's risk of harm.

73. Plaintiff was harmed by the Defendant's actions and suffered an actual injury.

74. Defendant's violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and rights of Plaintiff under the provisions of the FCRA. Defendant's willful conduct is reflected by, among other things, the following facts:

    a. Defendant has access to legal advice;

  b.  Defendant produced a consumer report on the Plaintiff that contained information that was misleading, inaccurate and incomplete;

  c.  Defendant produced a consumer report that contained information that was not prepared in a manner that it would assure the maximum accuracy of the information being provided regarding the Plaintiff; and

  d.  Defendant failed to abide by the FCRA.

75. Plaintiff is entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

76. Plaintiff is also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

77. Plaintiff is further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

78. Plaintiff is further entitled to actual damages and any costs and attorneys' fees, pursuant to 15 U.S.C. §1681o.

**WHEREFORE,** the Plaintiff respectfully requests that this Court issue an Order for the following:

  a.  An Order that this action may proceed as a class action under Rule 52 of the Missouri Rules of Civil Procedure;

  b.  Order designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

  c.  Order directing proper notice to be mailed to the Putative Classes at Defendant's expense;

  d.  Order finding that Defendant committed multiple, separate violations of the FCRA;

Electronically Filed - Clinton - August 20, 2018 - 10:14 AM

e.     Order finding that Defendant acted negligently and willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations of the FCRA;

f.     Order awarding statutory damages and punitive damages as provided the FCRA;

g.     Order awarding reasonable attorneys' fees and costs as provided by the FCRA; and

h.     Order granting other and further relief, in law or equity, as this Court may deem appropriate and just.

### Demand for Jury Trial

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff and all members of the proposed class have a right to jury trial.

By: /s/ C. Jason Brown  
Charles Jason Brown MO 49952  
Jayson A. Watkins MO 61434  
Brown & Watkins LLC  
301 S. US 169 Hwy  
Gower Missouri 64454  
Tel: 816-505-4529  
Fax: 816-424-1337  
brown@brownandwatkins.com  
watkins@brownandwatkins.com  
ATTORNEY FOR PLAINTIFF



# IN THE 43RD JUDICIAL CIRCUIT, CLINTON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>R BRENT ELLIOTT | Case Number: 18CN-CC00058 |
| Plaintiff/Petitioner:<br>LADONNA NEWTON<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>CHARLES JASON BROWN<br>301 S US HIGHWAY 169<br>GOWER, MO 64454-9116 |
| Defendant/Respondent:<br>REALPAGE, INC. D/B/A LEASINGDESK SCREENING | Court Address:<br>207 NORTH MAIN<br>PLATTSBURG, MO 64477 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | |

FILED
8/22/2018
MOLLY LIVINGSTON
CIRCUIT CLERK
EX-OFFICIO RECORDER
CLINTON CO, MO

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:** REALPAGE, INC. D/B/A LEASINGDESK SCREENING
Alias:
C/O UNITED CORPORATE SERVICES
1739 EAST ELM STREET, STE 101
JEFFERSON CITY, MO 65101

**COURT SEAL OF**

**CLINTON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

08/22/2018 _____ Circuit Clerk
Date                              Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____         _____
Printed Name of Sheriff or Server    Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____     _____
                        Date                Notary Public

**Sheriff's Fees, if applicable**
Summons                          $_____
Non Est                          $_____
Sheriff's Deputy Salary
Supplemental Surcharge           $   10.00
Mileage                          $_____ (_____ miles @ $._____ per mile)
Total                            $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) For Court Use Only: Document Id # 18-SMCC-388    1 of 1    Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 5:18-cv-06141-BP   Document 1-1   Filed 09/21/18   Page 12 of 12