# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| LADONNA NEWTON, Individually and on behalf of all others,<br><br>Plaintiff,<br><br>v.<br><br>REALPAGE, INC. d/b/a LEASING DESK SCREENING,<br><br>Defendant. | Case No.: 5:18-cv-06141-BP |

## DEFENDANT REALPAGE, INC.'S ANSWER

Defendant RealPage, Inc. ("RealPage"), through its undersigned counsel and pursuant to the Federal Rules of Civil Procedure, answers the Complaint of Plaintiff LaDonna Newton ("Plaintiff"). RealPage denies all allegations in the Complaint that RealPage does not expressly admit in this Answer.

RealPage responds to the specific allegations in the enumerated paragraphs in the Complaint as follows:

### Preliminary Statement

1. RealPage admits that this action purports to relate to the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"). RealPage denies the remaining allegations of paragraph 1 of the Complaint.

2. RealPage admits that Champion is one of RealPage's certified clients and that Champion has used RealPage's software to generate tenant screening reports relating to a "LaDonna Newton." Further, given the ambiguity of the allegation, RealPage lacks information

sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and, therefore, denies the same.

3. RealPage denies the allegations in paragraph 3 of the Complaint.

4. The allegations in paragraph 4 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 4 are contrary to law, they are denied. RealPage lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4 of the Complaint and, therefore, denies the same.

5. The allegations in paragraph 5 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 5 are contrary to law, they are denied. RealPage lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the Complaint and, therefore, denies the same.

6. RealPage admits that Plaintiff purports to assert FCRA claims on behalf of herself and a putative class, but denies that the class Plaintiff seeks to represent is properly certifiable. To the extent paragraph 6 can be construed to contain allegations against RealPage, RealPage denies them.

7. RealPage admits that Plaintiff purports to seek FCRA damages on behalf of herself and a putative class, but denies that the class Plaintiff seeks to represent is properly certifiable. To the extent paragraph 7 can be construed to contain allegations against RealPage, RealPage denies them.

**Parties**

8. RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and, therefore, denies the same.

9. RealPage admits that it is a Delaware corporation and that it conducts business in the United States. The remaining allegations in paragraph 9 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 9 are contrary to law, they are denied.

## Jurisdiction and Venue

10. The allegations in paragraph 10 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 10 are contrary to law, they are denied.

11. The allegations in paragraph 11 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 11 are contrary to law, they are denied.

## Factual Allegations

12. RealPage repeats its responses to the allegations contained in the foregoing paragraphs as though fully set forth herein.

13. RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and, therefore, denies the same.

14. RealPage admits that Champion is one of RealPage's certified clients and that Champion has used RealPage's software to generate tenant screening reports. RealPage denies the remaining allegations of paragraph 14 of the Complaint.

15. RealPage admits that Champion is one of RealPage's certified clients and that Champion has used RealPage's software to generate tenant screening reports. RealPage lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 of the Complaint and, therefore, denies the same.

16. The allegations in paragraph 16 refer to a document. RealPage denies the allegations in paragraph 16 to the extent those allegations are inconsistent with that document. RealPage denies the remaining allegations contained in paragraph 16 of the Complaint.

17. The allegations in paragraph 17 refer to a document. RealPage denies the allegations in paragraph 17 to the extent those allegations are inconsistent with that document. The remaining allegations in paragraph 17 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 17 are contrary to law, they are denied.

18. The allegations in paragraph 18 refer to a document. RealPage denies the allegations in paragraph 18 to the extent those allegations are inconsistent with that document. RealPage denies the remaining allegations contained in paragraph 18 of the Complaint.

19. The allegations in paragraph 19 refer to a document. RealPage denies the allegations in paragraph 19 to the extent those allegations are inconsistent with that document. RealPage denies the remaining allegations contained in paragraph 19 of the Complaint.

20. RealPage denies the allegations in paragraph 20 of the Complaint.

21. The allegations in paragraph 21 refer to a document. RealPage denies the allegations in paragraph 21 to the extent those allegations are inconsistent with that document.

22. The allegations in paragraph 22 refer to a document. RealPage denies the allegations in paragraph 22 to the extent those allegations are inconsistent with that document.

23. The allegations in paragraph 23 refer to a document. RealPage denies the allegations in paragraph 23 to the extent those allegations are inconsistent with that document.

24. The allegations in paragraph 24 refer to a document. RealPage denies the allegations in paragraph 24 to the extent those allegations are inconsistent with that document.

25. RealPage denies the allegations in paragraph 25 of the Complaint.

26. The allegations in paragraph 26 refer to a document. RealPage denies the allegations in paragraph 26 to the extent those allegations are inconsistent with that document.

27. The allegations in paragraph 27 refer to a document. RealPage denies the allegations in paragraph 27 to the extent those allegations are inconsistent with that document.

28. The allegations in paragraph 28 refer to a document. RealPage denies the allegations in paragraph 28 to the extent those allegations are inconsistent with that document.

29. RealPage denies the allegations in paragraph 29 of the Complaint.

30. The allegations in paragraph 30 refer to a document. RealPage denies the allegations in paragraph 30 to the extent those allegations are inconsistent with that document.

31. RealPage denies the allegations in paragraph 31 of the Complaint.

32. The allegations in paragraph 32 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 32 are contrary to law, they are denied. RealPage denies the remaining allegations in paragraph 32 of the Complaint.

33. RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint and, therefore, denies the same.

34. RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint and, therefore, denies the same.

35. The allegations in paragraph 35 refer to a document. RealPage denies the allegations in paragraph 35 to the extent those allegations are inconsistent with that document.

36. The allegations in paragraph 36 refer to a document. RealPage denies the allegations in paragraph 36 to the extent those allegations are inconsistent with that document.

37. RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint and, therefore, denies the same.

38. RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and, therefore, denies the same.

39. RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint and, therefore, denies the same.

40. RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint and, therefore, denies the same.

41. RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint and, therefore, denies the same.

42. RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint and, therefore, denies the same.

43. The allegations in paragraph 43 refer to a document. RealPage denies the allegations in paragraph 43 to the extent those allegations are inconsistent with that document.

44. The allegations in paragraph 44 refer to a document. RealPage denies the allegations in paragraph 44 to the extent those allegations are inconsistent with that document.

45. The allegations in paragraph 45 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 45 are contrary to law, they are denied. RealPage denies the remaining allegations in paragraph 45 of the Complaint.

46. The allegations in paragraph 46 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 46 are contrary to law, they are denied.

47. The allegations in paragraph 47 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 47 are contrary to law, they are denied. RealPage denies the remaining allegations in paragraph 47 of the Complaint.

48. The allegations in paragraph 48 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 48 are contrary to law, they are denied. RealPage denies the remaining allegations in paragraph 48 of the Complaint.

49. The allegations in paragraph 49 refer to a document. RealPage denies the allegations in paragraph 49 to the extent those allegations are inconsistent with that document.

50. The allegations in paragraph 50 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 50 are contrary to law, they are denied. RealPage denies the remaining allegations in paragraph 50 of the Complaint.

51. RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint and, therefore, denies the same.

52. RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint and, therefore, denies the same.

53. RealPage admits that it is aware of the existence of the FCRA.

54. RealPage admits that it is aware of the FCRA's requirements. The remaining allegations in paragraph 54 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 54 are contrary to law, they are denied.

55. The allegations in paragraph 55 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 55 are contrary to law, they are denied. RealPage denies the remaining allegations in paragraph 55 of the Complaint.

## Class Action Allegations

56. RealPage repeats its responses to the allegations contained in the foregoing paragraphs as though fully set forth herein.

57. RealPage admits that Plaintiff purports to assert FCRA claims on behalf of herself and certain proposed classes, but denies that the proposed classes Plaintiff seeks to represent are properly certifiable. To the extent paragraph 57 can be construed to contain allegations against RealPage, RealPage denies them.

58. The allegations in paragraph 58 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 58 are contrary to law, they are denied. RealPage denies the remaining allegations in paragraph 58 of the Complaint.

59. The allegations in paragraph 59 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 59 are contrary to law, they are denied. RealPage denies the remaining allegations in paragraph 59 of the Complaint, including each of its subparts.

60. The allegations in paragraph 60 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 60 are contrary to law, they are denied. RealPage denies the remaining allegations in paragraph 60 of the Complaint.

61. The allegations in paragraph 61 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 61 are contrary to law, they are denied. RealPage denies the remaining allegations in paragraph 61 of the Complaint.

62. The allegations in paragraph 62 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 62 are contrary to law, they are denied. RealPage denies the remaining allegations in paragraph 62 of the Complaint.

63. The allegations in paragraph 63 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 63 are contrary to law, they are denied. RealPage denies the remaining allegations in paragraph 63 of the Complaint.

64. The allegations in paragraph 64 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 64 are contrary to law, they are denied. RealPage denies the remaining allegations in paragraph 64 of the Complaint.

65. RealPage admits that Plaintiff purports to assert FCRA claims on behalf of herself and certain proposed classes, but denies that the proposed classes Plaintiff seeks to represent are properly certifiable. To the extent paragraph 65 can be construed to contain allegations against RealPage, RealPage denies them.

**FCRA Violations**

66. RealPage repeats its responses to the allegations contained in the foregoing paragraphs as though fully set forth herein.

67. RealPage denies the allegations in paragraph 67 of the Complaint.

68. RealPage denies the allegations in paragraph 68 of the Complaint.

69. RealPage denies the allegations in paragraph 69 of the Complaint.

70. RealPage denies the allegations in paragraph 70 of the Complaint.

71. RealPage denies the allegations in paragraph 71 of the Complaint.

72. RealPage denies the allegations in paragraph 72 of the Complaint.

73. RealPage denies the allegations in paragraph 73 of the Complaint.

74. RealPage denies the allegations in paragraph 74 of the Complaint, and each of its subparts.

75. RealPage denies the allegations in paragraph 75 of the Complaint.

76. RealPage denies the allegations in paragraph 76 of the Complaint.

77. RealPage denies the allegations in paragraph 77 of the Complaint.

78. RealPage denies the allegations in paragraph 78 of the Complaint.

RealPage denies the allegations contained in the unnumbered paragraph beginning with "WHEREFORE" following paragraph 78.

## Jury Trial Demand

79. RealPage acknowledges that Plaintiff demands a trial by jury. RealPage denies the remaining allegations in in the unnumbered paragraph on page 11 of the Complaint.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations in the Complaint, and without admitting or acknowledging that RealPage bears the burden of proof as to any of them, RealPage asserts the following defenses. RealPage intends to rely on any additional defenses that may become available or apparent during pretrial proceedings and discovery in this action and hereby reserves the right to amend this Answer to assert all such defenses.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to the extent it does not set forth facts sufficient to state a claim upon which relief may be granted against RealPage, and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief from RealPage.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim fails to the extent that it is barred because all information RealPage communicated to any third person regarding Plaintiff was accurate.

### THIRD AFFIRMATIVE DEFENSE

The Complaint fails to the extent that Plaintiff lacks standing or has not taken action necessary to avail herself of the rights she claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). Plaintiff's alleged damages, if any, are speculative or uncertain and therefore not compensable.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim fails to the extent that, at all relevant times with respect to Plaintiff, RealPage acted in good faith and complied fully with the FCRA.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim fails to the extent that Plaintiff's purported damages, which RealPage continues to deny, were the result of acts or omissions of third persons over whom RealPage had neither control nor responsibility, or were the result of Plaintiff's own prior conduct.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, to the extent that Plaintiff lacks statutory or Constitutional standing due to a lack of a concrete and particularized injury-in-fact.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages fails to the extent that the Complaint states no facts in support of a claim for punitive damages.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, to the extent that Plaintiff failed to protect herself from damages, if any, or failed to mitigate her alleged damages.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover against RealPage to the extent that some or all of her claims for relief in the Complaint are barred by applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p or by the doctrine of laches.

### TENTH AFFIRMATIVE DEFENSE

Any recovery Plaintiff receives is subject to a set off if any damages are awarded against RealPage, in the amount of any damages or settlement amounts recovered by Plaintiff with respect to the same alleged damages. RealPage is also entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

### ELEVENTH AFFIRMATIVE DEFENSE

Any damages allegedly suffered by Plaintiff was not caused by RealPage, but by intervening causes.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, are speculative or uncertain and, therefore, are not compensable.

### THIRTEENTH AFFIRMATIVE DEFENSE

This action may not properly proceed as a class action under Federal Rule of Civil Procedure 23 to the extent that, among other reasons, Plaintiff's claims are not typical of the claims of each putative class member; questions of law and fact allegedly common to the putative class do not predominate over the numerous questions affecting individual putative class members; a class action is not superior to other available methods for the fair and efficient adjudication of Plaintiff's claims and any claims of putative class members; Plaintiff and her counsel are unable

- 12 -
Case 5:18-cv-06141-BP   Document 5   Filed 09/28/18   Page 12 of 14

to fairly and adequately protect the interests of the putative class members; and there are insurmountable difficulties that would be encountered in any attempt to proceed as a class action.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover from RealPage as a class action to the extent to which such class recovery would deprive RealPage of its due process rights to assert individualized defenses to claims of class members.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's individual and class claims are barred, in whole or in part, to the extent that Plaintiff or any purported class member has not suffered any actual damages or other injury.

## SIXTEENTH AFFIRMATIVE DEFENSE

RealPage reserves the right to assert additional defenses as they become known.

## PRAYER FOR RELIEF

WHEREFORE, RealPage requests this Court to enter a judgment:

1. denying Plaintiff any and all relief in this case;
2. dismissing Plaintiff's claims in their entirety;
3. dismissing this case with prejudice;
4. awarding RealPage its costs and attorneys' fees incurred in this case; and
5. granting RealPage all other relief that the Court deems just and proper.

Dated: September 28, 2018  THOMPSON COBURN LLP

By:*/s/ William R. Bay*
William R. Bay (# 26977)
One US Bank Plaza
St. Louis, Missouri 63101
Tel: (314) 552-6008
Fax: (314) 552-7008
Email: wbay@thompsoncoburn.com

Attorneys for Defendant
RealPage, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2018, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to all counsel of record.

*/s/ William Bay*
William Bay
Attorney for Defendant RealPage, Inc.